IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS LORENZO ARMENTERO,

      Plaintiff,                    No. CIV S-09-0503 KJM P

    vs.

MIKE KNOWLES, et al.,         ORDER AND

      Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On November 11, 2009, the court found service of process appropriate for defendants Knowles and Cate (defendants) for violations of the Eighth Amendment. Defendants have now filed a motion to dismiss alleging that plaintiff fails to state a claim upon which relief can be granted. In his amended complaint, plaintiff alleges that at all relevant periods of time defendant Knowles was the Warden at California Medical Facility (CMF) and defendant Cate was the Secretary of the California Department of Corrections and Rehabilitation (CDCR).

I. Motion To Strike Sur-Reply

        Plaintiff has filed a sur-reply to defendants' reply with respect to the motion to dismiss. Defendants have filed a motion asking that the sur-reply be stricken. The local rules of

the court do not provide for the filing of sur-replies regarding motions. See Local Rule 230(l). Because plaintiff did not seek leave to file his sur-reply, and good cause showing, it will be stricken.

II. Motion To Dismiss Standards

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the pleading in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

The Eighth Amendment's prohibition of cruel and unusual punishment extends to medical care of prison inmates. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). In order to state a section 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a prison inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106.

Also, the Eighth Amendment's prohibition on cruel and unusual punishment imposes on prison officials a duty to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). An inmate's Eighth Amendment rights are violated by a prison official if

/////

that official exposes an inmate to a "substantial risk of serious harm," while displaying "deliberate indifference" to that risk. Id. at 834.

III. Analysis

As defendants note, supervisory personnel such as defendants cannot be held liable under 42 U.S.C. § 1983 unless there is some affirmative link or connection between the defendants' actions and the claimed deprivation. May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). In a § 1983 action, supervisory officials cannot be held vicariously liable for the actions of their subordinates. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). However, a supervisor can be held liable for a violation of Constitutional rights even if he or she was not personally involved in the actions leading to the violation, if the supervisor implemented a policy so deficient that the policy itself is a repudiation of Constitutional rights and is the "moving force" behind the Constitutional violation. Id.

Plaintiff's first allegation of injury concerns the fact that he was denied medical treatment at CMF for the 10 days following his December 24, 2007 arrival.[1] Am. Compl. ¶ 22. Plaintiff asserts that during that period of time he was without his inhaler, which he uses for asthma. Id. ¶ 22. Plaintiff sent a letter to defendant Knowles on December 28, 2007 informing him that he needed the inhaler. Id. ¶ 27.

Plaintiff does not point to anything suggesting he suffered any kind of cognizable injury because he has not indicated that he actually suffered an asthma attack, or any other concrete adverse consequence, during the ten day period identified in the complaint. At most,

---

[1] The court identifies only those allegations made by plaintiff that are relevant to plaintiff's stating a claim for relief under the Eighth Amendment.

plaintiff says he experienced generalized "pain and suffering."[2] Id. ¶ 22. As for defendant Cate, plaintiff does not point to any affirmative link between any of Cate's actions, or his inaction, and the fact that plaintiff was denied use of his inhaler.

Plaintiff also asserts that on June 10, 2008, he was moved to a dormitory housing twelve persons despite the fact that the dorm was designed to house only six inmates. Id. ¶ 24. He says that living in that dorm caused plaintiff's eyesight to worsen because of the poor lighting. Id. As for these allegations, plaintiff fails to allege anything indicating the poor lighting is in any way attributable to either defendant. Even if defendants had been aware of the poor lighting, there is nothing before the court suggesting defendants were aware the lighting was so poor as to adversely affect plaintiff's eyesight.

Additionally, plaintiff asserts that in the twelve person dorm room, plaintiff was forced to live with "violent and ill inmates." Id. ¶ 26. According to plaintiff, some of the inmates plaintiff was forced to live with were mentally ill, or had skin diseases or infections. Id. ¶ 32. Again, plaintiff has not asserted he suffered any cognizable harm as a result of being housed with the inmates he describes. Furthermore, petitioner's allegations and conclusions do not suggest that plaintiff was housed in conditions presenting a substantial risk of serious harm.

In his opposition to defendants' motion, plaintiff appears to argue that his claims are based fundamentally on prison overcrowding and defendants' failure to comply with orders issued in Plata v. Schwarzenegger, No. 01-1351 (N.D. Cal.). Examined in light of the motion to dismiss, plaintiff's allegations regarding overcrowding are too conclusory to support a claim for relief. Nothing in plaintiff's opposition indicates he could further amend the complaint to state a viable claim. Iqbal, 129 S. Ct. at 1949. As for plaintiff's assertion that defendants have violated

---

[2] Plaintiff asserts he suffered mental and emotional injuries as a result of, among other things, not having his inhaler. Id. ¶¶ 22, 34 & 36. But, under 42 U.S.C. § 1997e(e), plaintiff may not bring an action under 42 U.S.C. § 1983 for mental or emotional injuries without a prior showing of a physical injury.

4

court orders, plaintiff fails to specifically identify any orders from <u>Plata</u> or otherwise.[3] The court need not reach defendants' argument that as a result of the order in <u>Plata</u> placing CDCR medical care under the supervision of a receiver (<u>Plata v. Schwarzenegger</u>, 2005 WL 2932253 (N.D. Cal. Oct. 3, 2005)), they cannot be held responsible for the denial of medical care at CMF.

Defendants argue they are immune from suit with respect to plaintiff's claims under the qualified immunity doctrine. Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). Because plaintiff fails to allege facts amounting to a violation of his federal rights, defendants are immune from suit under the qualified immunity doctrine.

For the foregoing reasons, defendants' motion to dismiss should be granted and this action should be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to strike plaintiff's July 22, 2010 sur-reply regarding defendants' motion to dismiss (#33) is granted;

2. The sur-reply filed by plaintiff on July 22, 2010 is stricken; and

3. The clerk of the court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that the motion to dismiss (#25) brought by defendants Knowles and Cate be granted and this case be closed

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written

---

[3] To the extent plaintiff believes he has suffered harm as a result of a violation of an order issued in <u>Plata v. Schwarzenegger</u>, he must assert his claim in <u>Plata</u> via a class representative or obtain permission to intervene. See <u>Eberle v. Doe</u>, 2009 WL 4017130, *1 (N.D. Cal. Nov. 18, 2009).

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 18, 2010.

_____
U.S. MAGISTRATE JUDGE

know0503.57